## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GLORIA MARCOTTE, As the Personal
Representative of the ESTATE OF JOSEPH ORTEGA,

       Plaintiff,

vs.                                                                                   No. CIV-04-0836 JB/RHS

BURLINGTON NORTHERN SANTA FE RAIL
CORPORATION, a Texas corporation, NATIONAL
RAILROAD PASSENGER CORPORATION d/b/a
AMTRAK,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Approve Settlement,

filed November 29, 2005 (Doc. 92).  The Court held a hearing on this matter on December 20, 2005.[1]

The primary issue is whether the Court needs to approve the settlement of a person's claims who is

neither a party to this case nor is any longer a minor.  Because Greg Padilla is no longer a minor, the

Court need not approve this settlement agreement as to Padilla, but to assist the parties' settlement

of these claims, the Court will amend the Complaint to add Padilla as a Plaintiff in this case, will

dismiss any and all claims that he has or may have against the Defendants, and will order Plaintiff

Gloria Marcotte, as personal representative of the Estate and of Padilla as a minor, to distribute all

proceeds pursuant to New Mexico's Wrongful Death Statute.

## PROCEDURAL BACKGROUND

On November 16, 2005, all parties called the Court's Courtroom Deputy Clerk, Ms. K'Aun

---

[1] At the hearing, Greg Padilla was present and sitting at counsel's table with his mother, Plaintiff Gloria Marcotte.  Mr. Marcotte, Gloria's husband, was also in the courtroom.

Sanchez, indicating that the case settled on November 15, 2005 with Kim Udall as the mediator.  The parties advised that there is a minor involved, and while the minor is not a party, he is the individual who will receive the money from the settlement.  The parties believed they needed a settlement approval hearing as a result of a minor being involved.  Ms. Sanchez and the parties agreed to reserve the motion hearing set on December 20, 2005 for that purpose, but agreed that, if the issue regarding the minor were briefed sooner, the Court would work to get it heard before December 20th.

On November 21, 2005, Brenda M. Saiz, one of the attorneys for the Defendants, wrote the Court and stated that, because the December 20th date was almost a month away, they requested a confirmation hearing regarding the settlement at an earlier date than December 20th.  See Letter from Brenda Saiz to the K'Aun Sanchez (dated November 21, 2005).  The Defendants stated again that the confirmation hearing is necessary because there is a minor child involved -- decedent Joseph Ortega's surviving minor son, Padilla.  See id.

In this motion, Marcotte has formally notified the Court that the parties conducted a mediation conference on Tuesday, November 15, 2005, using the services of mediator Udall in an attempt to resolve their differences.  See Motion to Approve Settlement at 1.  The parties were successful in their mediation attempts, and the matter was resolved.  See id.  Marcotte submitted the Settlement Agreement to the Court for its review.  See generally Settlement Agreement (dated November 15, 2005).

In light of this settlement, Marcotte requests that the Court schedule a hearing for review and approval of her settlement with the Defendants.  See Motion to Approve Settlement at 2.  Marcotte states that, because a portion of the claims involve claims brought on behalf of Padilla, New Mexico law requires court approval of the settlement. See id. at 2.

Allan Wainwright agreed to serve as guardian ad litem on behalf of the minor.  See id.  On November 29, 2005, Marcotte and the Defendants filed a Motion for Appointment of Guardian Ad Litem for Greg Padilla, A Minor (Doc. 91).  On November 30, 2005, the Court signed the stipulated order to perfect Mr. Wainwright's appointment; the Clerk of the Court entered the order on December 2, 2005.  See Order Appointing Guardian Ad Litem for Greg Padilla, A Minor, filed December 2, 2005 (Doc. 93).  Marcotte represented that Mr. Wainwright is willing to work directly with the Court and provide whatever reports or information the Court may desire before the time of the hearing.  See Motion to Approve Settlement at 2.

The Defendants stipulate to this motion and to the relief requested therein.  See id.  Marcotte requests that the Court set this matter for hearing and review at its earliest convenience.  See id.

On December 15, 2005, Mr. Wainwright provided his report to the Court.  See Report of Guardian Ad Litem, filed December 15, 2005 (Doc. 95).  Mr. Wainwright represents that, in the exercise of his functions, such as making reports and recommendations to the Court, he is acting as an arm of the Court.  See id. at 1.  Mr. Wainwright states that he is informed that, following his appointment, the minor, Padilla, has turned 18 years old and is no longer a minor.  See id. ¶ 1, at 1.  Greg Padilla's date of birth is December 12, 1987.  See id.

Mr. Wainwright contends that, as an adult over the age of minority, Greg Padilla has the legal capacity to decide if the settlement is in his own best interest and that his services as Guardian Ad Litem are no longer needed.  See id. ¶ 2, at 1.  Mr. Wainwright represents that he is also informed that the Court has already dismissed all of Padilla's individual claims and that the only remaining claims are the Estate's claims for which Padilla is the statutory beneficiary.  See id. ¶ 3, at 1-2.

Mr. Wainwright states that, given this situation, the Court should not require a

recommendation and requests that the Court discharge and release him from any duties.  See id. ¶ 4, at 2.  He also provides notice to the Court and all parties that he will be out of the country from December 16, 2005 until December 26, 2005, and will therefore not be available during those dates. See id. ¶ 5, at 2.

### LAW REGARDING COURT APPROVAL FOR CASES INVOLVING MINORS

New Mexico does not have a statute or rule "governing settlements of claims on behalf of minors."  Shelton v. Sloan, 127 N.M. 92, 100, 977 P.2d 1012, 1021 (Ct. App. 1999).  Under New Mexico common law, however, "[a] trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself."  Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983)(overruled on other grounds by Montoya v. AKAL Sec., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992))(citations omitted).  "In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."  Id. (citing United States v. Reilly, 385 F.2d 225 (10th Cir.1967)).  A court is required to reject a settlement "[w]hen a settlement involving a minor is presented to a court for approval and the information before the court indicates that the settlement is not fair to the minor . . . ."  Shelton v. Sloan, 127 N.M. at 100, 977 P.2d at 1020.  "The court's role in reviewing a settlement is to 'represent' the minor."  Id. (quoting Bonds v. Joplin's Heirs, 64 N.M. 342, 344, 328 P.2d 597, 599 (1958)).  The Court's role is not to review the "adequacy of the performance of the minor's attorney in reaching the agreement. Rather, it is reviewing the fairness of the agreement itself."  Id.

Under New Mexico law, a minor does not have the capacity to contract.  See In re Estate of

-4-

Duran, 133 N.M. 553, 558, 66 P.3d 326, 331 (2003)("Because Petitioners had not reached the age of majority, they did not have the capacity to contract.")(citations omitted).  The age of majority in New Mexico is 18.  See N.M. Stat. Ann. § 28-6-1 (2005).

## ANALYSIS

Greg Padilla is now 18 years old -- age of majority in New Mexico.  Because Greg Padilla is no longer a minor and he now has the capacity to enter into contracts, see In re Estate of Duran, 133 N.M. at 558, 66 P.3d at 331, the law concerning the Court's special oversight of minors is not applicable, and the Court does not need to approve the settlement agreement as to Greg Padilla.  See In re Layshock, Case No. 00-C.A.-198, 2001 Ohio App. LEXIS 5960, at *11 (Ohio App. 7 Dist. December 28, 2001)(finding because appellant was no longer a minor she was not subject to the probate court and, as an adult, she had the power and ability to negotiate and enter into a settlement of her case).  The Motion to Approve is denied.

At the hearing, the Defendants requested that, and Marcotte did not oppose, the Court deem Padilla as added to the Complaint as a Plaintiff, and thereafter dismiss all of his claims with prejudice.  See Transcript of Hearing at 5:8-6:13 (taken December 20, 2005).[2]  While it is not clear if Marcotte's counsel also represents Padilla, Padilla was present at the hearing and did not object or oppose being made a plaintiff in this, nor did he oppose his claims being dismissed with prejudice.  The Court will therefore deem Padilla as added to the Complaint as a Plaintiff.[3]  The Court will also dismiss all claims

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

[3] The Court orders Marcotte's attorney, James P. Lyle, who orally stated at the hearing that there was no objection to adding Padilla to the Complaint and thereafter dismissing all of his claims against the Defendants with prejudice, to submit to the Court by Friday December 23, 2005 at 5:00 p.m. a statement that he is representing Padilla in this matter.  If Mr. Lyle is not representing Padilla

by Padilla against the Defendants with prejudice.

In addition, at the hearing, Marcotte requested that, and the Defendants did not oppose,  the Court order her to distribute the settlement proceeds in compliance with the New Mexico's Wrongful Death Statute.  See id. at 3:8-23.  The Court will order Gloria Marcotte as personal representative of the Estate of Joseph Ortega to distribute the settlement proceeds in compliance with N.M. Stat. Ann. § 41-2-1  (2005) -- New Mexico Wrongful Death Statute.

**IT IS ORDERED** that the Motion to Approve Settlement is denied.  Greg Padilla will be deemed added as a Plaintiff to the Complaint, and all claims by Greg Padilla against the Defendants will be dismissed with prejudice.  Gloria Marcotte as personal representative of the Estate of Joseph Ortega will distribute the settlement proceeds in compliance with N.M. Stat. Ann. § 41-2-1  (2005).

_____

UNITED STATES DISTRICT JUDGE

---

in this matter, the Court orders Marcotte to submit to the Court a statement signed by Padilla that he is represented by a different attorney in this matter, or that he had an opportunity to meet with an attorney concerning this matter, and that he consents to being added to the Complaint and he consents to the dismissal with prejudice of all of his claims against the Defendants.   This Memorandum Opinion and Order will remain interlocutory until Mr. Lyle or Gloria Marcotte submits the required material to the Court.

*Counsel:*

James P. Lyle
Law Offices of James P. Lyle, P.C.
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

Clifford K. Atkinson
Brenda M. Saiz
Michael E. Kaemper
Atkinson & Thal, P.C.
Albuquerque, New Mexico

      *Attorneys for the Defendants*

Allan L. Wainwright
Law Offices of Allan L. Wainwright, P.A.
Albuquerque, New Mexico

      *Guardian Ad Litem for Greg Padilla*